IN THE UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| Michael David Byrum<br>TDCJ No. 01012085; SID No. 06391934<br><br>Plaintiff<br><br>v.<br><br>George Walker Bush, et al.,<br>(*see* ATTACHMENT A - DEFENDANT(S) LIST)<br><br>Defendant(s) | )<br>)<br>)<br>)<br>)<br>) Civil Case No.<br>) 1:25CV00694 DAE<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF PROCEEDING PRO SE UNDER 42 U.S.C. SECTION 1983**

**I. PLAINTIFF'S GENERAL INFORMATION**

Michael David Byrum

TDCJ No. 01012085; SID No. 06391934

Texas Civil Commitment Center

Bill Clayton Facility

2600 South Sunset Avenue

Littlefield, Texas 79339

**II. PLAINTIFF'S SENTENCING**

While continuing to be confined by an indefinite term of "civil commitment", pursuant to Texas Health and Safety Code, Title 11, Chapter 841 (THSC, Chapter 841), Plaintiff is serving the last 5-years of a 30-year sentence on parole, for a felony conviction having been arrested on December 11th, 1999, thereafter indicted, entering into a plea agreement on October 30th, 2000, that included two additional charges to the following offenses and his subsequent civil commitment:

- Date: 10/30/00
  Court: 26th District Court of Williamson County, Texas
  Case no.: 00-106-K26
  Offense: Indecency with a Child
  Civilly committable offense/P.C. 21.11(a)(1) / THSC § 841.002(8)(A)
  Sentence: 15-years imprisonment (concurrent)

- Date: 10/30/00
  Court: 26th District Court of Williamson County, Texas
  Case no.: 00-107-K26
  Offense: Aggravated Sexual Assault of a Child
  Civilly committable offense/P.C. 22.021(a)(1) / THSC § 841.002(8)(A)
  Sentence: 30-years imprisonment (sentence of record)

- Date: 10/30/00
  Court: 26th District Court of Williamson County, Texas
  Case no.: 00-120-K26
  Offense: Delivery of Marijuana to a Minor
  Not a civilly committable offense
  Sentence: 10-years imprisonment (concurrent)

- Date: 5/16/23
  Court: 26th District Court of Williamson County, Texas
  Case no.: 21-1063-C26
  Indefinite term (likely for life)

To date, Plaintiff has not appealed any of his criminal convictions. However, the Appeal of the civil commitment decision is under review in the Texas Third Court of Appeals, awaiting the Court's opinion. Plaintiff's 10-year and 15-year criminal sentences have been completed and the 30-year sentence (Aggravated Sexual Assault) will be completed Dec. 9, 2029. The civil commitment is for an indefinite term, until the Plaintiff is determined to be "no longer likely to engage in a predatory act of sexual violence".

### III. PREVIOUS LAWSUITS

Plaintiff has never before, at any time, been a Plaintiff bringing a civil lawsuit for any cause, similar or otherwise, against any Defendant(s)—not in any State, nor Federal Court.

Outside of the above noted criminal convictions, Plaintiff has only ever been named as the "Respondent" to the "Petitioner" in the civil commitment lawsuit brought by the State of Texas (21-1063-C26, 26th Judicial District Court, Judge Donna King, presiding) on July 23rd, 2021.

### IV. PLACE OF INCIDENT COMPLAINED ABOUT

The matter for which the Plaintiff complains occurred during the 22$^{1}/_{2}$-years of confinement in the Texas Department of Criminal Justice (TDCJ-ID), which does have a grievance procedure, however Plaintiff was never made aware that, at his "anticipated release", pursuant to THSC, Chapter 841 (*see* THSC, § 841.021(a) and (a-1)), he would then be assessed by the established criteria that would become cause for his evaluation for a "behavioral abnormality" (*see* THSC, § 841.021(c), 841.022 and 841.023)—that, wherein so finding, would then bring the State of Texas to pursue the his civil commitment (*see* THSC, § 841.041), requiring his "necessary", "long-term supervision and treatment" (*see* THSC, § 841.001). Furthermore, even if from the beginning of his term served in prison Plaintiff had been aware of the potential for such proceedings in his future, the TDCJ-ID would have responded that the negligence created by the Defendant(s) enacting, amending and/or participating in the application of THSC, Chapter 841, as complained of herein, was "not a grievable matter". Therefore, while the Plaintiff does hold certain TDCJ prison administrators liable in this suit for their participation under the color of the THSC, Chapter 841 law, there never existed any administrative remedy within the TDCJ for the Plaintiff to pursue.

## V. PLAINTIFF'S PRIOR CONFINEMENT

Plaintiff's term of criminal confinement was in the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID), beginning with his intake at the Byrd "Diagnostics" Unit in Huntsville, Texas, on November 30, 2000, and continued for $22^{1}/_{2}$ years, throughout his TDCJ confinement at a variety of other TDCJ prison unit assignments, until he was warranted from TDCJ's Barry Telford Unit to the Williamson County Jail for his civil commitment trial on May 5th, 2023.

## VI. NAME & CURRENT PLACE OF CONFINEMENT

Michael David Byrum, SID No. 06391934
Texas Civil Commitment Center
Bill Clayton Facility
2600 South Sunset Avenue
Littlefield, Texas 79339

## VII. DEFENDANTS

While certain individuals listed below might typically enjoy immunity for their acts done in their official capacity, or as granted within THSC, Chapter 841 (*see* THSC § 841.147), Plaintiff asserts that they are liable for the decisions that they made in their individual capacity that were recklessly indifferent to the Plaintiffs U.S. Constitutional rights—that a reasonable person would have known that his acts, or failures to act, violated clearly established rights and as such was not in "good faith"—that in accordance with 42 U.S.C. § 1983 "Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory, or the District of Columbia, subjects, or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress":

George Walker Bush, et al. (*see* ATTCHMENT A, DEFENDANT(S) LIST—Plaintiff has made many attempts to communicate with various persons within the agencies listed to identify and provide contact information for the Court. However, Plaintiff has most often been met with resistance from them. Plaintiff would request the assistance of the Court, or Court Order, if the Court requires him to provide the additional information as indicate in this list.)

## VIII. STATEMENT OF CLAIM

The incident—the negligence that Plaintiff is complaining about—occurred during his custody within the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID), beginning with his intake at the Byrd Diagnostics Unit in Huntsville, Texas, on November 30, 2000, and continued for $22\frac{1}{2}$-years, throughout his TDCJ confinement at a variety of other TDCJ prison unit assignments,, until he was warranted from TDCJ's Barry Telford Unit to the Williamson County Jail for his civil commitment trial on May 5th, 2023.

When Plaintiff entered the TDCJ-ID at the Byrd Diagnostics Unit in Huntsville, Texas, on November 30th, 2000, where his treatment needs were assessed and an Individualized Treatment Plan (ITP) was established. Plaintiff was never informed that two of his three criminal offenses were "civil commitment" qualifying offenses (*see* THSC, § 841.002(8)), that would result in his continued confinement for "necessary", "long-term supervision and treatment" (*see* THSC, § 841.001) upon his "anticipated release" (*see* THSC, § 841.021)—matters that were never identified as a part of his ITP, nor brought to his attention until his "anticipated release"—never given consideration.

During the course of the Plaintiff's $22\frac{1}{2}$ years in TDCJ, his ITP was periodically updated, but never once indicated that he might need the "necessary", "long-term treatment" prescribed by THSC, Chapter 841.

Plaintiff was granted parole on December 21st, 2020. However, only then did the TDCJ-ID administrators begin a process to assess and evaluate Plaintiff's long-term treatment needs, when, on March 8th, 2021, he was contacted for an interview by Melissa Davis of the "Texas Civil Commitment Office" (TCCO) and notified that he was then being assessed for civil commitment, pursuant to THSC, Chapter 841. Subsequently, Plaintiff was interviewed and assessed by Dr. Stephen A. Thorne on April 15th, 2021, then Dr. Michael Arambula on September 13th, 2021, both, then, finding that Plaintiff "suffers" from various "*Diagnostic and Statistical Manual-Fifth Edition*" (DSM-V) disorders and "suffers from a behavioral abnormality" as defined by THSC Chapter 841.

While enrolled in a parole required, pre-release, 9-month, Sex Offender Treatment Program (SOTP-9), Plaintiff was served a petition pursuing his civil commitment, on August 5th, 2021, filed in the same court of his criminal convictions. He "successfully completed" the SOTP-9 program on April 21, 2022. Regardless, he was continually held in the TDCJ, until May 5th, 2023, when he was warranted back to the county jail to stand trial for civil commitment (May 15th-16th, 2023). He was then found by a jury to "suffer from a behavioral abnormality" and ordered by the Court into the "necessary, long-term treatment and supervision" as prescribed by THSC, Chapter 841.

Plaintiff's essential complaint is that the Defendant(s) (being responsible for authoring, enacting, amending and/or otherwise participating in the implementation of THSC, Chapter 841, while failing to reform the constitutional violations resulting from it during the plaintiff's $22^1/_2$-year, "long-term" supervision in the TDCJ, beginning November 30th, 2000) acted, or failed to act, with reckless and deliberate indifference, neglecting the Plaintiff's "long-term" treatment needs. Essentially, they "buried their heads in the sand", under the color of law, while waiting

until the Plaintiff's "anticipated release" from the TDCJ, when his parole was granted in December, 2020, to only then pursue the procedure, assessments and evaluations for the defined "behavioral abnormality" that were established in 1999, with the enactment of THSC Chapter 841. Thereby, the Defendant(s) violated the Plaintiff's right to treatment that is vested in the Eighth Amendment to the U.S. Constitution—that any reasonable individual, who was to ever have any part in the processes, under the criteria established in and under color of the THSC, Chapter 841 law, to consider and assess that the Plaintiff "suffered" from such a serious "behavioral abnormality" that would require his "necessary", "long-term supervision and treatment", could have and should have, either taken every action within his/her power to provide that treatment at the earliest possible date—not leaving the Plaintiff to "suffer from a behavioral abnormality" for $22^{1}/_{2}$-years—or the individual(s) should have reasoned to refuse to participate in the ill-founded scheme that has violated the Plaintiff's constitutional rights,

Additionally, as a result, the Defendant(s) further violated the Plaintiff's rights vested in the Fourteenth Amendment to the U.S. Constitution, abridging his privileges and depriving him of life, liberty and property without due process of law—that had the Defendant(s) refused to create and/or participate in this ill-conceived scheme and properly provided the assessment and subsequent "long-term" treatment a long-term ago, when the Plaintiff first entered the TDCJ (the TDCJ has been providing sex offender treatment programs since at least 1995, being 5-years before the Plaintiff entered the TDCJ), he would have had the opportunity to show the "change", as prescribed by THSC, § 841.081(a)that he was "no longer likely to engage in a predatory act of sexual violence"—an actual "due process" opportunity—a long-term ago, and would have been allowed to exit the TDCJ on parole in May, 2022 (after completing his parole required programs), returning to an enjoyable life, earning wages and owning property as a productive member of society—not

sent to the Texas Civil Commitment Center. Due process was violated, long ago, with the failure to provide this "necessary", "long-term treatment". (*see* ATTACHMENT B, ADDITIONAL STATEMENT OF CLAIM)

## IX. WITNESSES

Each one of the following, listed individuals are (or were) similarly situated, being among those who have not only seen and heard, but also, at one time or another, since the enactment of THSC Chapter 841 (Sept. 1st, 1999), experienced and suffered the same reckless indifference and deliberate negligence at the hand(s) of all, or various ones, of the Defendant(s). Most of these witnesses continue to reside at the Texas Civil Commitment Center at 2900 South Sunset Avenue, Littlefield, Texas, 79339, or are among the very few who have ever been released from Texas civil commitment, or have returned to the TDCJ-ID for various infractions, or are now deceased: Abella, Arturo, et al. (*see* ATTACHMENT C, WITNESS LIST)

## X. RELIEF SOUGHT

Plaintiff seeks (1) compensatory damages of $2,000,000.00 (Two Million Dollars) from each Defendant, as had the long-term treatment been provided at a much earlier date, Plaintiff would have been likely to have exited the TDCJ-ID in May, 2022, at age 58, on parole, returning to his home State of Indiana on an interstate compact agreement, and accepting gainful employment, working 40-hours per week starting at $27.00/hour in the maintenance department at a meat packing plant with an additional 20-hours/week at time-and-one-half, overtime rate, thus grossing about $98,280.00 per year and, being in relatively good heath, would have followed his father's example, working until age 75, which would have been 17 years, amounting to $1,670,760.00. Additionally, he would have had pay increases and farm and side-line earnings throughout those years and beyond, reasonably amounting to about $2,000,000.00 of lost life income and property.

Plaintiff also seeks (2) punitive damages in an equal amount of $2,000,000.00 (Two Million Dollars) from each defendant for his pain and suffering, being left by the defendant(s) to "suffer" from a treatable, behavioral abnormality throughout his $22^1/_2$-long-term-years in the TDCJ-ID without providing the "necessary", "long-term treatment" prescribed by THSC, Chapter 841.

Above all, Plaintiff seeks (3) injunctive relief releasing him from the custody of the Texas Civil Commitment Office and the continuing violation of his Fourteenth Amendment rights to Life, Liberty and Property that has resulted from the original violation of his Eighth Amendment rights through the unconstitutional application of THSC, Chapter 841. Thereby promptly and completely returning Plaintiff to the custody and supervision of the Texas Board of Pardons and Parole, accepting and recognizing his prison time served, granted parole and successful completion of his parole required programs as sufficient evidence to show that he is no longer likely to engage in a predatory act of sexual violence. If the Court will grant this injunctive relief, then Plaintiff will be satisfied to concede the above stated compensatory and punitive damages, pro rata (based on the 17-year time frame), from May 1st, 2022, to the date of release from this civil commitment injustice.

Furthermore, Plaintiff seeks (4) injunctive relief that the Court will take all actions within it's power to require the Legislators of the State of Texas to revisit this ill-conceived law in their official capacity—to repeal or amend it—to require the the State of Texas and the TDCJ-ID to provide much more immediate assessments, evaluations, when a sex offender's ITP is established and much more prompt, adequate treatment, when he/she enters the custody of the TDCJ-ID--this would be in everyone's best interests.

Signed this 1st day of May, 2025

*[signature: Michael David Byrne]*

**PLAINTIFF**